IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN G. WESTINE, Inmate #93555-012, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>Respondent. ) | CIVIL NO. 04-834-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Now pending before the Court is Petitioner's motion, pursuant to Fed. R. Civ. P. 59(e) to alter or amend the Court's order closing his case pursuant to sanction orders filed against him by this Court and the Seventh Circuit Court of Appeals. Those orders (described in Doc. 8) prevent Petitioner from filing any cases attacking his conviction and sentence for money laundering in the Southern District of Ohio, until he has paid sanctions of $1,000 and $5,000. Petitioner has twice moved to reopen this case (Docs. 9 and 11). The Court denied both motions (Docs. 10 and 12).

A motion to alter or amend judgment may only be granted if movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

In the instant motion, Petitioner again argues that the criminal judgment against him is "void" and that the Court has jurisdiction to make a determination that the judgment is indeed

"void." Plaintiff misunderstands the Court's and the Seventh Circuit's sanction orders. Until Petitioner has paid the sanctions against him, all documents and suits attacking his conviction and sentence are to be returned to him unfiled. There is no exception in the orders for determinations that the criminal judgment was "void."

Upon review of the record, the Court remains persuaded that its ruling closing the case pursuant to the sanction orders of the Seventh Circuit and this Court was correct. Therefore, the instant motion (Doc. 13) is **DENIED**.

As noted above, this is Petitioner's third attempt to attack the Court's order closing the case. *If petitioner wishes to challenge this Court's order he must file an appeal. Any additional documents forwarded to the Court for filing in this action will be returned to Petitioner unfiled.*

**IT IS SO ORDERED.**

**DATED this 26th day of June, 2006.**

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge